UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REUVEN SHABI**, <br><br> Plaintiff, <br><br> v. <br><br> **MLOGICA, INC., et al.**, <br><br> Defendants. | Civil Action No. 22-049 (BRM) <br><br> **REPORT & RECOMMENDATION** |

**CLARK, Magistrate Judge**

    **THIS MATTER** having been opened by the Court *sua sponte* during a telephone status conference held in this matter on January 19, 2022; and the Court having expressed concern over whether this action was properly removed to federal court; and the Court having issued an Order to Show Cause on January 20, 2022 instructing the parties to submit briefing on the issue; and the parties having done so [ECF Nos. 6, 7, and 8]; and for the reasons set forth below, it is respectfully recommended that this action **REMAIN** in federal court and further discovery be conducted to determine the viability of Plaintiff's claims against Defendant John Avagliano.

**I.    BACKGROUND**

    Plaintiff initiated this action by filing a Complaint on November 9, 2021 in the Superior Court of New Jersey, Bergen County, asserting various state law claims against Defendants mLogica, Inc. ("mLogica"), John Avagliano, Peter Burney, Amit Okhandiar, and Amir Jeffrey (collectively, "Defendants") related to Plaintiff's termination of employment at mLogica. ECF No.1-1. Specifically, Plaintiff's complaint asserts five counts: (1) common law wrongful discharge in violation of public policy against all Defendants (First Count); (2) common law breach of contract against mLogica (Second Count); (3) common law promissory estoppel against all

Defendants (Third Count); (4) common law fraud against all Defendants (Fourth Count); and (5) failure to pay earned commission in violation of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.2, against all Defendants (Fifth Count).[1]

Defendants removed the action to this Court on January 5, 2022, asserting that this Court had original jurisdiction over this action pursuant to 28 U.S.C. § 1332. ECF No. 1, ¶ 8. While Plaintiff's complaint alleged all Defendants were citizens of New Jersey, the same state in which Plaintiff resides, Defendants' Notice of Removal states the following regarding Defendants' citizenship:

> a. Plaintiff is and has been, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the State of New Jersey.
>
> b. mLogica, LLC is a Limited Liability Company ("LLC") with its principal place of business located at 6720 Via Austi Pkwy, Suite 400, Las Vegas, NV, 89119. The two members of mLogica are as follows:
>
>> i. Okhandiar Holdings, Inc., a corporation domiciled in the State of Nevada, with its principal place of business located at 6720 Via Austi Parkway, Suite 400, Las Vegas, Nevada 89119. Accordingly, Okhandiar Holdings, Inc. has been and is, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the state of Nevada; and
>>
>> ii. RG-mLogica, LLC, an LLC with its principal place of business located at 1034 South Brentwood Blvd., Suite 1490, St Louis, Mo., 63117. Accordingly, mLogica, LLC has been and is, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen of the States of Nevada and Missouri.

---

[1] Defendants note in footnote 2 of their Response to the Court's Order to Show Cause that Plaintiff appears to have mistakenly cited to the New Jersey Law Against Discrimination in his Fifth Count and this assertion was not rebutted by Plaintiff in his Opposition to Defendants' Response to the Order to Show Cause. *See* ECF No. 6, p. 2 n.2; *cf.* ECF No. 7.

    c. Amitabh Okhandiar is and has been, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the State of Nevada.

    d. Peter Burney is and has been, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the State of Nevada.

    e. Ameer Jafri is and has been, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the State of California.

    f. John Avagliano is and has been, both upon the filing of the subject Complaint on November 9, 2021, and the filing of this removal petition, a citizen and resident of the State of New Jersey. As explained more fully below, Mr. Avagliano has been fraudulently named solely for the purpose of defeating diversity. Thus, his inclusion as a defendant does not destroy diversity as a matter of law. In addition, removal is proper since Mr. Avagliano has not yet been served. *See Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (citing 28 U.S.C § 1441(b)(2)).

*Id.*

As noted above, Defendants' Notice of Removal states that this action is properly removed under 28 U.S.C § 1332 because "Plaintiff's joinder of Mr. Avagliano is fraudulent as a matter of law." *Id.*, ¶ 10. Defendants argue that Plaintiff's complaint only contains one factual allegation involving John Avagliano, the defendant that destroys complete diversity, which "provides no colorable ground supporting Plaintiff's stated claims against Avagliano individually." *Id.* (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant"); *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 852 (3d Cir. 1992) (a claim is not colorable if it is "wholly insubstantial and frivolous")).

## II.  DISCUSSION

Pursuant to subsection (a)(1) of the diversity jurisdiction statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1); *see also Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). A claim brought in state court may be removed to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). However, a party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question. Fed. R. Civ. P. 12(h)(3); *see also Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).  Further, a Court shall remand an action removed from state court where it appears that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In this case, the Complaint does not present a federal question on its face; thus, Defendants must demonstrate that the Court has subject matter jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. § 1332. As noted above, Defendant Avagliano destroys the requirement of complete diversity between the parties. Defendants, however, argue that Avagliano was fraudulently joined in this action and there is no plausible or colorable claim against him.

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) (citation omitted). However, to satisfy this doctrine, the diverse defendant removing the action must "establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. Specifically, the removing defendant must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). If the district court determines that the non-diverse defendant was fraudulently joined, then "the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." *Id.* (citing 28 U.S.C. § 1447(c)).

In their response to the Court's Order to Show Cause, Defendants provide several arguments why there is no colorable or plausible claim against Avagliano in this action. First, Defendants assert that contrary to Plaintiff's allegations in his complaint, Avagliano was not Chief Financial Officer of mLogica and indeed was not even employed by the company during the period of Plaintiff's employment and termination. *See* ECF No. 6, pp. 1-2. Second, Defendants state "Plaintiff's sole factual allegation that Avagliano sent [Plaintiff] an email 'thanking him for help in securing an important agreement with Oracle consulting'" provides no basis for Plaintiff's tort claims under the First, Third, and Fourth causes of action in his complaint. *Id.*, p. 2. Third, because

Avagliano was not an officer or agent of mLogica at the time of Plaintiff's employment, he "cannot be considered an 'employer'" as defined by the New Jersey Wage Payment Law and thus cannot be held liable under the Fifth Count of Plaintiff's Complaint. *Id.*, p. 8.[2]

In response, Plaintiff argues that Defendants have not satisfied the high burden of proof for establishing fraudulent joinder and thus, the matter should be remanded back to the Superior Court of New Jersey for lack of complete diversity between the parties.

After reviewing the parties' submissions, including the Declaration of Defendant Avagliano attached to Defendants' Response to the Order to Show Cause, the Court finds that further discovery is needed to determine Avagliano's exact role at mLogica and the extent to which he participated in the company's business decision-making, including financial matters. While the Court recognizes Plaintiff's factual allegations regarding Avagliano's role are sparse at best, Defendants did not provide sufficient explanation for why Avagliano would be sending an email to Plaintiff in or about February 2020 when he was not employed by mLogica until October 2020. *See* ECF No. 7, p. 5; *cf.* ECF No. 6, p. 3. At this early stage in the proceedings, the Court does not find the record adequately developed to find that Avagliano was fraudulently joined, as this analysis would require legal determinations better suited for a motion to dismiss following service of the complaint upon all defendants,[3] and the conduct by the parties of the appropriate discovery.

### III.   CONCLUSION

For the reasons set forth above;

**IT IS** on this **3rd** day of **May, 2022**,

---

[2] The Second Count in Plaintiff's complaint is brought solely against mLogica and thus presumably does not implicate Avagliano.

[3] Defendants' Notice of Removal, filed on January 5, 2022, indicates that only mLogica has been served with a copy of the Summons and Complaint, and Plaintiff has yet to serve the individual Defendants. *See* ECF No. 1, ¶¶ 2-3. It is unclear whether service has since been effectuated on the individual Defendants and there is no record of such service on the case docket.

**RECOMMENDED** that the matter **REMAIN** in federal court pending further fact discovery regarding Avagliano's role at mLogica during the time of the alleged underlying wrongful actions pled in Plaintiff's Complaint; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

                                                   s/ James B. Clark, III
                                                **JAMES B. CLARK, III**
                                                **United States Magistrate Judge**